```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/17/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

      -against-

DEVONTE FRANCIS,
   a/k/a "Dev,"
   a/k/a "Dev Dillinger,"

                        Defendant.

24 Mag. 3521 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Defendant, Devonte Francis, appeals the detention order issued by the Honorable Robert W. Lehrburger during a bail hearing on October 10, 2024. *See* ECF No. 4; Hearing Tr., ECF No. 14; Mot., ECF No. 16; Resp., ECF No. 17. For the reasons stated below, the Court AFFIRMS Judge Lehrburger's order.[1]

## BACKGROUND

The Government's complaint charges Francis with being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). *See* Compl. ¶ 1, ECF No. 1. The Government alleges that, having served a federal sentence for conspiracy to commit racketeering and while on supervised release, Francis knowingly possessed ammunition on September 18, 2024. *Id.* ¶¶ 1, 3. According to the Government, on that day, Francis entered a bodega in the Bronx at approximately 12:42 p.m. *Id.* ¶ 4. Shortly thereafter, two people ("Victim-1" and "Victim-2") entered the store and exited at approximately 12:44 p.m. *Id.* Once outside the bodega, Victim-1 and Victim-2 stood on or near the sidewalk. *Id.* At about 12:46 p.m., Francis exited the store. *Id.* Victim-1 followed Francis, and "[a] witness who was inside the bodega indicated that she

---

[1] Given Judge Lehrburger's thorough and well-reasoned order, the parties' written submissions, and the adequate record on appeal, the Court does not find a hearing necessary and decides this bail appeal solely on the papers. *See United States v. Rivera*, No. 20 Cr. 304, 2020 WL 4383505, at *1 n.1 (S.D.N.Y. July 31, 2020); *United States v. Morgan*, No. 12 Cr. 223, 2014 WL 2465278, at *1 (S.D.N.Y. May 12, 2014).

heard [Francis] say 'step off'" to Victim-1 and Victim-2. *Id.* When Victim-1 continued to follow him, Francis "pulled a gun out of the right pocket of his hoodie and appears to have fired a shot in the direction of Victim-1." *Id.* Victim-2 ran into the bodega, while Victim-1 "ran with a slight limp into the street." *Id.* Francis chased "Victim-1 partway down the block, appearing to aim and fire his gun again at Victim-1." *Id.*

On October 10, 2024, Francis was presented before Judge Lehrburger. *See generally* ECF No. 4; Hearing Tr. At his presentment, Francis requested release on bail with the following conditions: (1) a $500,000 bond to be co-signed by Francis' mother, sister, and cousin; (2) home detention; and (3) location monitoring. *See* Hearing Tr. at 14:20–15:19. After considering the factors set forth in 18 U.S.C. § 3142(g), Judge Lehrburger found that the Government had "met its burden to show by clear and convincing evidence that there are no set of conditions that can reasonably assure the safety of the community" and ordered Francis detained. *See id.* at 25:20–26:6.

Francis appealed Judge Lehrburger's detention order by letter dated January 15, 2025. Mot. He proposes the same bail conditions considered by Judge Lehrburger, with the addition of a fourth person, his partner, as co-signer of the $500,000 bond. *Id.* at 2.

## DISCUSSION

I. <u>Legal Standard</u>

A district court reviews *de novo* a magistrate judge's decision to release or detain a defendant. *See United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985); *United States v. Jones*, 566 F. Supp. 2d 288, 289–90 (S.D.N.Y. 2008). Under the Bail Reform Act, a defendant may not be detained pending trial unless the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The Government has the "burden of persuasion by

clear and convincing evidence that the defendant presents a danger to the community" and "by the lesser standard of a preponderance of the evidence that the defendant presents a risk of flight." *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001).

In determining whether the Government has met its burden, the Court considers the factors set forth in 18 U.S.C. § 3142(g): (1) "the nature and circumstances of the offense charged," including whether the offense involves a firearm; (2) "the weight of the evidence against the person;" (3) "the history and characteristics of the person," including, *inter alia*, their character, physical and mental condition, and past conduct; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."

II. <u>Danger to the Community</u>

Having considered Francis' motion, the Government's opposition, Judge Lehrburger's bail decision, and the arguments made by counsel at the October 10, 2024 hearing, the Court agrees with Judge Lehrburger that the Government has shown by clear and convincing evidence that Francis presents a danger to the community. Francis is alleged to have fired a gun at Victim-1, including while chasing the victim after the initial shot was fired. Resp. at 3–4; *see also United States v. English*, 629 F.3d 311, 315, 322 (2d Cir. 2011) (affirming district court's finding that the presence of a gun indicates "danger to the community"). And, he is alleged to have done this in broad daylight on a street with nearby civilians. Resp. at 3–4. Further, the weight of the evidence favors detention: The Government claims to have security camera footage showing "Francis firing [a] shot at close range and then chasing Victim-1 down the street to fire another shot." *Id.* at 4. Francis' criminal history also favors detention: He was previously convicted for conspiracy to commit racketeering and at least two attempted robberies, and he committed the instant offense while on supervised release. *Id.*

In light of the above, the Court agrees with Judge Lehrburger that Francis "is charged with a very serious crime while on supervised release after having served a term in prison;" that the nature and circumstances of the offense are "quite concerning" because they involve "shooting in an area where there were either other people outside or in cars;" that Francis "did not learn from whatever penalties or punishments had previously been imposed;" and that the proposed bail conditions do not "reasonably assure the safety of the community." Hearing Tr. at 17:10–13, 24:14–25:23. Francis' addition of a fourth person to co-sign his proposed bond does not allay the Court's concerns. The Court finds, therefore, that the Government has met its burden to show by clear and convincing evidence that no set of bail conditions would adequately assure the community's safety.[2]

## CONCLUSION

For the foregoing reasons, Judge Lehrburger's detention order is AFFIRMED.

SO ORDERED.

Dated: January 17, 2025
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] Because the Court determines that the Government has met its burden of demonstrating that Francis presents a danger to the community, the Court need not determine whether it also has met its burden of demonstrating that he presents a risk of flight. *See United States v. Zeitlin*, No. 23 Cr. 419, 2023 WL 6162820, at *1 n.6 (S.D.N.Y. Sept. 21, 2023).